**In re Susann K. DAVIS, Debtor.**

No. 01–52848.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 19, 2001.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

Lee C. Mittman, Lee C. Mittman & Associates, Co. L.P.A., Columbus, OH, for debtor.

### ORDER OVERRULING OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an objection to confirmation filed by the chapter 13 trustee to the plan proposed by debtor Susann K. Davis. The Court heard the matter on June 14, 2001. The debtor filed certain post-hearing amendments and other documents and the matter is now ready for decision.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

The debtor has proposed a plan which calls for payments to the chapter 13 trustee of $500 each month for ten (10) months and $850 each month thereafter. From those payments the trustee is to pay allowed secured and priority claims in full. General unsecured claims are to receive a 10% dividend.

The trustee has objected to the good faith of the proposed plan. The basis for his objection is the debtor's monthly contribution of $350 during the first ten months of her plan toward college tuition and books for a daughter. The trustee argues that such monies should be used to pay a larger percentage of unsecured claims or the plan is not proposed in good faith.

 The Court has reviewed the controlling case in this circuit on this issue. *See Metro Employees Credit Union v. Okoreeh–Baah (In re Okoreeh–Baah)*, 836 F.2d 1030 (6th Cir.1988). The Court of Appeals for the 6th Circuit in *Okoreeh–Baah* held that "good faith" in the context of a proposed chapter 13 plan is determined by the totality of the circumstances. Such determination is up to the common sense and judgment of the bankruptcy judge after an evaluation of the plan. *Okoreeh–Baah* at 1033–1034.

 The Court finds that this debtor's plan is proposed in good faith. Although the dividend to unsecured creditors is not large, it is a meaningful effort over a period of 57 months. The plan also calls for complete payment of considerable priority debt, specifically, tax and past-due child support payments. Indeed payment of the child support arrearage is a major reason for the plan. If this case were in chapter 7, there would be no payments to any creditors because there are no non-exempt assets. Even though the priority debt would probably not be discharged in a chapter 7 case, it would not be paid in a systematic fashion as it will be through this chapter 13 plan. In a 57–month effort, which calls for payments of $42,400, the Court does not find that a limited diversion of $350 each month for 10 months for a daughter's continuing college education causes the plan to fail the good faith test.

Accordingly, the Court finds that the debtor's plan is proposed in good faith. The trustee's objection should be, and the same is hereby, **OVERRULED.** The plan will be confirmed forthwith.

**IT IS SO ORDERED.**